## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YOSHIE GLOVER, by and through** | : | **Civil No. 4:13-CV-1874** |
| **her son and Power of Attorney,** | : | |
| **RALPH GLOVER,** | : | **(Judge Brann)** |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **DARWAY ELDER CARE** | : | |
| **REHABILITATION CENTER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

In this lawsuit, Yoshie Glover, through her son and Power of Attorney, Ralph

Glover (the "plaintiff") has brought a medical malpractice action against Darway

Elder Care Rehabilitation Center and a number of other individual defendants

affiliated with that health care provider, alleging that the care and treatment that she

received while a resident of that facility was sub-standard and resulted in her

sustaining serious physical injuries.  One of the defendants in this suit, Deryck W.S.

Brown ("Brown" or the "defendant") has now moved to dismiss the action, arguing

that the plaintiff brought this lawsuit after the two-year statute of limitations

governing medical malpractice claims under Pennsylvania law had elapsed.[1]  (Doc. 10)

The parties fully briefed the motion, with the defendant arguing vigorously that the allegations set forth in the complaint plainly and unequivocally make clear that the claims in this case were known to the plaintiff more than two years before she brought suit, and, therefore, the action should be deemed time-barred and dismissed. The plaintiff has responded chiefly by arguing that the defendant concurred in counsel's express request to file the complaint by July 9, 2013, and, therefore, the statute of limitations should be deemed to have been waived or extended by agreement of the parties.  The plaintiff also suggests that, despite what she alleges in the complaint, she did not actually discover her injuries until after July 8, 2011. Finally, she argues that the defendant's counsel concealed information necessary to the plaintiff's claims, and, therefore, the statute of limitations period should be deemed to have been equitably tolled.

In his reply brief, the defendant takes issue with each of these arguments, and maintains that the plaintiff's own allegations make unequivocally clear that the

---

[1]  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship of the parties.  There is no dispute that Pennsylvania substantive law governs the claims in this case, and that Pennsylvania's two-year statute of limitations is applicable.

plaintiff knew of her injuries and claims more than two years before initiating this lawsuit.  The defendant's counsel also contends that although he concurred in the plaintiff's counsel's request to file a complaint by July 9, 2013, he intended to concur only in the filing of a complaint in the state-court action that had already been initiated through the filing of a praecipe, and not in a federal action that the parties had never discussed.

Upon consideration of the complaint, the parties' briefs, and the supplemental filings that have been provided to show email correspondence between counsel prior to the complaint being filed, we conclude that this matter cannot be resolved on the pleadings alone.  Although it is true that under well-settled precedent of the Third Circuit Court of Appeals a defendant may invoke the statute of limitations as a basis to dismiss a complaint where it is clear from the allegations in the complaint that a complaint has been filed untimely, in this case the parties disagree about matters arising outside of the complaint itself, which may have a bearing on whether the defendant, through counsel, consented to this action being filed after the statute of limitations would have run.  Because resolution of such a dispute is inappropriate, and even impossible, on the pleadings alone through adjudication of a motion to dismiss, but must entail examination of matters beyond the pleadings, we recommend that the Court deny the defendant's motion at this time.  However, we also

recommend that such a ruling be without prejudice to the defendant raising this matter at a later point in this action, including through a properly documented motion for summary judgment, if the facts developed support the defense.

## II.   BACKGROUND[2]

Yoshie Glover was a resident at Darway Elder Care Rehabilitation Center ("Darway"), in Sullivan County, Pennsylvania, from April 4, 2011, until July 8, 2011. According to the plaintiff, due to the negligent care that Glover received between April 4, 2011, and June 4, 2011, while resident at Darway, she sustained a stage II wound on her right buttocks, and a sacral wound. (Compl., ¶ 68.) On June 16, 2011, it was determined that Glover had an infected gluteal/sacral wound. (Id., ¶ 51.) By June 18, 2011, Glover was no longer physically able to walk in the corridor at Darway. (Id., ¶ 53.) By July 6, 2011, Glover had pneumonia and a urinary tract infection. (Id., ¶ 60.) On July 8, 2011, "after discovering Mrs. Glover's grave medical condition caused by the defendants, the family removed Mrs. Glover from defendant Darway and returned her to Hornell Gardens in New York." (Id., ¶ 65.)

---

[2] The background to this report is taken from the allegations set forth in the complaint, unless otherwise noted.

III.   **PROCEDURAL HISTORY**

This case developed something of a tangled procedural history before it was even initiated in this Court.  The plaintiff alleges that "[o]n April 2, 2013, prior to the running of the applicable statute of limitations, plaintiff sent a written request to counsel for [Darway], requesting that the defendant identify all physicians and nurses whose signatures were contained in the plaintiff's relevant medical records," but Darway refused.  (Id., ¶¶ 1-2.)

This failure to obtain information about potential individual defendants caused the plaintiff, on April 3, 2013, to file a praecipe for a writ of summons against defendants Darway, Brown, and John Does 1-30, in the Sullivan County Court of Common Pleas.  On May 6, 2013, the plaintiff filed a Praecipe to Reinstate/Reissue Writ of Summons stating that defendant Brown was unable to be served by the April 2, 2013, issue date.  (Doc. 11, Ex. B.)  The defendants issued Rules to File a Complaint in the Sullivan County Court of Common Pleas, and, according to the plaintiff, "extended the deadlines to file a Complaint to run to on or before July 9, 2013." (Compl., ¶¶ 5-6.)

However, the plaintiff did not file a complaint in the Sullivan County Court of Common Pleas on July 9, 2013.  Instead, the plaintiff filed the federal complaint that initiated the instant lawsuit.  Thereafter, the defendants served on the plaintiff 10-day

notices of their intent to obtain a default judgment based on the plaintiff's failure to file the complaint in Sullivan County.  Then, on August 2, 2013, the plaintiff filed a complaint in the Sullivan County Court of Common Pleas, setting forth claims that are identical to those contained in the complaint she filed in this Court on July 9, 2013.  (Doc. 11, Ex. C, Compl. Docket No. 2013 CV 199)

On August 14, 2013, the defendant filed the pending motion to dismiss, arguing that this federal action is time-barred for having been filed after the applicable two-year statute of limitations.

## IV.   <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated, <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in <u>Conley v. Gibson</u>, 355 U.S. 41, 45–46 (1957) ).  The facts alleged must be sufficient to "raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. 544, 555.  This requirement "calls for enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. <u>Id.</u> at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting <u>Twombly</u>, 550 U.S. 544, 555).

In considering a motion to dismiss, the Court generally relies on the complaint, attached exhibits, and matters of public record. <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir.2007). The Court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir.2002); <u>see also</u> <u>U.S. Express Lines, Ltd. v. Higgins</u>, 281 F.3d 383, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without

7

converting the motion to dismiss into one for summary judgment."). However, the Court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994).

## V.   **DISCUSSION**

Although the parties disagree about numerous matters in their briefs, and despite the fact that the defendant has identified express allegations of injuries in the complaint that were discovered more than two years before the lawsuit was filed, we believe that the pending motion to dismiss should be denied for a relatively straightforward reason:   there exists an important and relevant factual dispute between counsel for the parties as to whether the moving defendant's counsel agreed to allow the complaint to be filed after the limitations period had run.

Under Pennsylvania law, the statute of limitations governing personal injury actions is two years.  See 42 Pa. Cons. Stat. Ann. § 5524; see also Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. Ann. § 5524).  The statute of limitations for a negligence tort claim in Pennsylvania begins to run "when an injury is inflicted and the corresponding right to institute a suit for damages arises." Gleason v. Borough of Moosic, 15 A.3d 479, 484 (Pa. 2011) (citing Wilson v. ElDaief, 964 A.2d 354, 361 (Pa. 2009)).  A party has a duty "to use all reasonable diligence to properly inform him- or herself of the facts and circumstances upon

which the right of recovery is based." Id. (citing Hayward v. Med. Ctr. of Beaver City, 608 A.2d 1040, 1042 (Pa. 1992)).  The statute of limitations will not be tolled simply as a result of a party's lack of knowledge, mistake, or misunderstanding. Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983) (citations omitted).  However, under Pennsylvania law, "parties to a lawsuit or a potential lawsuit may [by agreement] modify the statutory period of limitation." Ins. Co. of N. Am. v. Carnahan, 446 Pa. 48, 51, 284 A.2d 728, 729 (1971).

Although the statute of limitations is an affirmative defense and is not expressly identified in the Federal Rules of Civil Procedure as one of the recognized bases for dismissing an action on a Rule 12(b)(6) motion, under well-settled Third Circuit precedent, a defendant may raise the statute of limitations as a defense by way of a motion to dismiss under Rule 12(b)(6) if the time bar is apparent on the face of the complaint itself.  See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (noting that the so-called "Third Circuit Rule" permits a limitations defense to be raised via a Rule 12(b)(6) motion, but only if the time alleged in the complaint itself shows that the cause of action is untimely).

In this case, the complaint contains allegations that strongly indicate, on their face, that the plaintiff had discovered her injuries, at the latest, by July 8, 2011, when she was removed from Darway due to concerns that she was being neglected and

provided poor medical care.  Thus, we note at the outset that the complaint identifies,

with specificity, events occurring between April 4, 2011, and June 4, 2011, as the

time during which the defendants' alleged negligence allowed Glover to develop

gluteal and sacral wounds.

The complaint also expressly alleges that Glover had developed an infected

gluteal or sacral wound on June 16, 2013, and that on July 6, 2011, she had

pneumonia and a urinary tract infection.  Finally, the complaint avers that Glover's

family removed her from Darway on July 8, 2011, as a result of what they perceived

to have been Darway's negligence with respect to Glover's care and treatment.  The

complaint thus sets forth express dates on which injuries were alleged to have

occurred, and these injuries all occurred more than two years prior to the date on

which the plaintiff filed this suit in federal court.  Nothing in the complaint suggests

that the plaintiff was unaware of her injuries or claims; to the contrary, the complaint

is specific about when these injuries are alleged to have occurred.  On the face of the

complaint, therefore, it appears that this case may well have been untimely filed.

We also agree with the defendant that the plaintiff's halting initiation of earlier

proceedings in state court would not toll the running of the statute of limitations

against a subsequent action filed in federal court.  Falsetti v. Local Union No. 2026,

United Mine Workers of Am., 355 F.2d 658 (3d Cir. 1966).  Courts considering

similar factual scenarios, where a plaintiff files a writ of summons in state court and later brings a separate federal action, have concluded that the filing of a writ of summons in state court has no effect on the timeliness of the federal lawsuit; instead, a prior write of summons in state court only tolls the statute of limitations in the federal action if the case is ***removed*** to federal court by a defendant. See Davis v. Malitzki, No. 09-0739, 2009 WL 3467770, at *4 (E.D. Pa. Oct. 27, 2009); see also Pettinato v. Allegheny County, No. 11-CV-0448, 2011 WL 2672040, at *6-7 (W.D. Pa. July 8, 2011). The filing of an earlier writ of summons in state court does not affect the statute of limitations if the plaintiff subsequently files a lawsuit in federal court, as the plaintiff did in this case.

However, although it appears from the allegations stated in the complaint that the federal complaint was filed more than two years after the claims were incurred, we nonetheless find that matters outside of the complaint itself give rise to disputed factual issues that make resolution of this matter inappropriate in the context of a motion to dismiss.

The plaintiff has represented that the defendant's counsel granted an extension of time to file this action, and that the plaintiff acted in accordance with this agreement in filing the action on July 9, 2013. The defendant's counsel argues that any such agreement related exclusively to the inchoate state-court action, and was

11

merely an agreement to permit the filing of a complaint in the state action, which had already been initiated through a writ of summons filed in April 2013. Under Pennsylvania law, the "parties to a lawsuit or a potential lawsuit may [by agreement] modify the statutory period of limitation." Ins. Co. of N. Am. v. Carnahan, 446 Pa. 48, 51, 284 A.2d 728, 729 (1971). However, the correspondence relating to any agreement between the parties on this matter is, at best, ambiguous regarding the extent and scope of the parties' agreement, and whether it reasonably could be applied to the filing of the complaint that initiated the instant federal action. (Doc. 21, Ex., E-mail correspondence dated July 5, 2013) Furthermore, consideration of any such agreement necessarily takes the Court outside of the complaint itself, and, therefore, makes it inappropriate to grant the defendant's motion under Rule 12(b)(6). Cf. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (noting that the so-called "Third Circuit Rule" permits a limitations defense to be raised via a Rule 12(b)(6) motion, but only if the time alleged in the complaint itself shows that the cause of action is untimely).

Because consideration of the statute of limitations defense in this case may be influenced by an agreement that the parties' counsel may have had regarding the filing deadline, and because the scope of this agreement is plainly disputed by the parties in this case, it would be inappropriate to grant the defendant's motion to

dismiss at this time.  Instead, consideration of the statue of limitations as a defense

should wait until the Court is presented with a more complete factual record.[3]

### III.   __Recommendation__

Accordingly, IT IS RECOMMENDED THAT the defendant's motion to

dismiss (Doc. 10) be DENIED without prejudice to the defendant's right to reassert

the statute of limitations as an affirmative defense, or otherwise to seek summary

judgment on a more complete factual record.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo

---

[3] We note that the plaintiff also contends that the defendant or his counsel concealed information, or otherwise engaged in conduct that should be sufficient to trigger equitable tolling in this case.  However, because we believe that the defendant's motion should be denied at this time, without prejudice to the defendant's right to reassert the limitations defense on a more complete factual record, we decline to analyze the plaintiff's arguments regarding fraudulent concealment or equitable tolling in this report and recommendation, beyond observing that the plaintiff would be well-advised to carefully consider whether the evidence supports a fraudulent concealment claim before renewing such a serious allegation.

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of January, 2014.


                            ***S/Martin C. Carlson***
                            Martin C. Carlson
                            United States Magistrate Judge